

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-5759

Re: Does the maximum fee of 30% of first month's salary of applicant as provided by Art. 5221a-4, Sec. 11, V. A. C. S. regulating employment agents, relate only to the basic wage or does the calculation include wages for overtime?

Your opinion request on the above matter reads as follows:

"Section 11 of our Employment and Labor Agency Law as passed by the 48th Legislature (House Bill 264) reads as follows:

"Where a fee is charged for obtaining employment such fee in no event shall exceed the sum of Three ($3) Dollars, which may be collected from the applicant only after employment has been obtained and accepted by the applicant; provided, however, employment or labor agents engaged exclusively in providing employment for skilled, professional, or clerical positions may charge, with the written consent of the applicant, a fee, not to exceed thirty (30) per centum of the first month's salary, which may be collected from the applicant only after employment has been obtained and accepted by the applicant.'

"A good many of our employment agencies are making placements where the basic wage rate is set out as a certain amount. However, in some instances these

UNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Honorable John D. Reed, Commissioner, page 2

> employees are working a great many overtime
> hours, and consequently are paid at the rate
> of time and a half for those overtime hours,
> thereby making the total amount of money re-
> ceived for the pay period much greater than
> the basic wage rate.

> "Will you please advise me whether or
> not the maximum amount of fee to be charged by
> the employment agency should be based on the
> basic salary or should be based on the total
> amount of money received when the overtime is
> computed."

We think the legislature in establishing the
"first month's salary" as a criterion for calculating
the maximum fee to be charged by the employment agency
used that term synonymously with "wages". It has fre-
quently been so construed. See 38 Words and Phrases 52.

Lacking Texas decisions construing this stat-
ute we turn to the New York decision of Goodman v. Moss,
43 N. Y. S. (2d) 381, which dealt with a very similar
statute providing that the employment agent's fee should
not "exceed the amount of the first week's wages or sal-
ary." In overturning an administrative ruling by the
Commissioner of Licenses for the City of New York which
limited the fee to wages paid under the forty hour week
exclusive of overtime, the court used the following
language which we approve and think equally applicable
to the terms of the Texas statute:

> "The defendant's ruling is a logical con-
> sequence of his interpretation of the statutory
> work-week as a week of forty hours, but, if his
> interpretation be erroneous, his ruling must
> necessarily amount to a lowering of the ceiling
> set by the statute. It is this court's firm
> conviction that his interpretation is erroneous.

> "There is no state or federal law restrict-
> ing the number of hours that one may work. There
> is no state or federal law restricting the num-
> ber of hours that one may employ another to work.
> For specified purposes a standard work-week of
> forty hours is provided in certain industries
> (Fair Labor Standards Act, U. S. C. A. Title 29,
> sections 201 et seq.), but, even in cases covered
> by that act, work may be contracted for and performed

Honorable John D. Reed, Commissioner, page 3

beyond the standard work-week at a wage rate of time and one-half per hour of overtime. The statute under consideration here has no relation to a statute designed to safeguard a minimum standard of living and to prevent unfair competition in interstate commerce. Its only purpose is to prevent the overcharge of a class of patrons whose needs place them at a disadvantage in their dealings with those agencies. That purpose is fully accomplished by the setting of a ceiling in plain and unequivocal language. The ceiling is a fixed fee not to exceed the first week's wages. 'Wages' is the price paid for services, and includes not only money but even board, lodging or clothes. Corpus Juris, Vol. 67, Wages, pages 284, 285. 'Overtime' is defined to mean 'beyond the regular, fixed working hours.' Ferguson v. Port Huron & Sarnia Ferry Co., D. C., 13 F. 2d 489, 492. An overtime wage is consequently but the portion of wages which is paid for the services rendered beyond those regularly fixed hours, and is included in the all-comprehensive term 'wages'.

"Had it been the legislative purpose to exclude overtime wages from the computation of the agents' fees, it could have been plainly expressed in the statute under consideration. The silence on that score is not only patent evidence of a contrary intent, but potent reason for not permitting the defendant to substitute his judgment for that of the legislature."

We trust that we have fully answered your inquiry and assure you that it will be our pleasure to serve you at any time.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

APPROVED JAN 5, 1944

ATTORNEY GENERAL OF TEXAS

EA:jcp
J.C.C.